IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., | No. C 04-05203 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| KENNEDY-WESTERN UNIVERSITY, | |
| Defendant. | |

On August 12, 2005, the Court heard oral argument on various discovery motions brought by defendant. The parties have now agreed on a protective order, and thus defendant's motion for protective order is moot. Additionally, plaintiff has agreed to strike from the complaint all claims for recovery of personal monetary damages. The parties also agreed that any information produced in discovery will be within the time period from January 1, 2000 to the present.

Defendant requested two categories of materials in the motions to compel production of documents and answers to interrogatories. First, defendant requested that plaintiff produce documents that explain plaintiff's prior civil actions against alleged spammers. Plaintiff has agreed to produce records of all civil cases filed and all demand letters sent to alleged spammers. Beyond the agreement made between the parties, the Court ORDERS plaintiff to produce all records of settlement agreements with any alleged spammers.

Defendant argues that in order to prove its standing as a "provider of Internet access service," U.S.C. § 7706(g), plaintiff should produce records reflecting the sources of income both derived from actions against alleged spammers and derived from all other sources. Plaintiff argues that such information about its income is not relevant to the issue of standing under the CAN-SPAM Act.

The issue appears to be a new one, arising from this relatively new statute. Defendant contends that

if plaintiff's only real activity is pursuing lawsuits under the CAN-SPAM act, it does not qualify as a "provider of Internet access service" under the Act. Plaintiff contends that the Act does not limit the definitions in such a way. Neither side has briefed this issue in any detail.

The Court believes that information concerning whether all or most of plaintiff's income and activities stem from actions related to the CAN-SPAM act may be relevant to the issue of standing. Accordingly, the Court issues the following order: If plaintiff wishes to contend that it is a "provider of Internet access service" which has any activities other than pressing claims under the CAN-SPAM act, then plaintiff must respond to the discovery requests concerning amount and source of income, subject to all the protective orders currently in place and without prejudice to argument at a later point that the information is irrelevant or otherwise inadmissible at trial. If plaintiff does not provide such discovery, the Court will proceed under the assumption that plaintiff derives <u>no</u> income from sources other than actions taken against alleged spammers and that his status as a "provider of Internet access service" under the Act may be evaluated accordingly.

**Responses must be provided on or before September 15, 2005.**

**IT IS SO ORDERED.**

Dated: September 2, 2005

SUSAN ILLSTON
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., | No. C 04-05203 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| KENNEDY-WESTERN UNIVERSITY, | |
| Defendant. | |

On August 12, 2005, the Court heard oral argument on various discovery motions brought by defendant. The parties have now agreed on a protective order, and thus defendant's motion for protective order is moot. Additionally, plaintiff has agreed to strike from the complaint all claims for recovery of personal monetary damages. The parties also agreed that any information produced in discovery will be within the time period from January 1, 2000 to the present.

Defendant requested two categories of materials in the motions to compel production of documents and answers to interrogatories. First, defendant requested that plaintiff produce documents that explain plaintiff's prior civil actions against alleged spammers. Plaintiff has agreed to produce records of all civil cases filed and all demand letters sent to alleged spammers. Beyond the agreement made between the parties, the Court ORDERS plaintiff to produce all records of settlement agreements with any alleged spammers.

Defendant argues that in order to prove its standing as a "provider of Internet access service," U.S.C. § 7706(g), plaintiff should produce records reflecting the sources of income both derived from actions against alleged spammers and derived from all other sources. Plaintiff argues that such information about its income is not relevant to the issue of standing under the CAN-SPAM Act.

The issue appears to be a new one, arising from this relatively new statute. Defendant contends that

if plaintiff's only real activity is pursuing lawsuits under the CAN-SPAM act, it does not qualify as a "provider of Internet access service" under the Act. Plaintiff contends that the Act does not limit the definitions in such a way. Neither side has briefed this issue in any detail.

The Court believes that information concerning whether all or most of plaintiff's income and activities stem from actions related to the CAN-SPAM act may be relevant to the issue of standing. Accordingly, the Court issues the following order: If plaintiff wishes to contend that it is a "provider of Internet access service" which has any activities other than pressing claims under the CAN-SPAM act, then plaintiff must respond to the discovery requests concerning amount and source of income, subject to all the protective orders currently in place and without prejudice to argument at a later point that the information is irrelevant or otherwise inadmissible at trial. If plaintiff does not provide such discovery, the Court will proceed under the assumption that plaintiff derives <u>no</u> income from sources other than actions taken against alleged spammers and that his status as a "provider of Internet access service" under the Act may be evaluated accordingly.

**Responses must be provided on or before September 15, 2005.**

**IT IS SO ORDERED.**

Dated: September 2, 2005

SUSAN ILLSTON
United States District Judge

2