IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HYPERTOUCH, INC.,                                              No. C 04-05203 SI

      Plaintiff,                                              **ORDER RE: DISCOVERY DISPUTE**

  v.

KENNEDY-WESTERN UNIVERSITY,

      Defendant.
_____/

On November 8, 2005, defendant Kennedy-Western University filed[1] an Opposition to Motion for Protective Order. The Motion for Protective Order, dated November 4, 2005 and attached as Exhibit A to Kennedy-Western's Opposition, was apparently initiated by non-party Beyond Systems, Inc. ("BSI"). It does not appear, however, that BSI's Motion for Protective Order was ever actually filed in this Court because it is not on the docket.[2] Kennedy-Western seeks an order compelling BSI to comply with a subpoena issued by the United States District Court for the District of Maryland. The subpoena directs BSI to produce documents and a designee for deposition on November 22, 2005, at an office in Baltimore, Maryland.

The Court concludes that this is not the proper forum for deciding whether to quash or compel compliance with the subpoena, and that this matter must be brought before the United States District Court for the District of Maryland. Federal Rule of Civil Procedure 45 provides that a subpoena for attendance at a deposition, with an accompanying command to produce evidence, shall issue from the court for the district

---

[1] No courtesy copy of the letter-brief opposition (Docket #75) was provided to the Court until November 14, 2005.

[2] The Court notes that the caption for that motion indicates it may have been filed in the United States District Court for the Central District of California.

designated by the notice of deposition as the district in which the deposition is to be taken, which in this case is the District of Maryland. *See* Fed. R. Civ. Proc. 45(a)(2). Although Kennedy-Western initially issued the subpoena from this Court, it later corrected the error by issuing the subpoena from the District Court in Maryland. Rule 45 further provides that if an objection is made to such a subpoena, "the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order *of the court by which the subpoena was issued.*" *Id.* at 45(c)(2)(B) (emphasis added). Rule 45 also states that "[o]n timely motion, *the court by which a subpoena was issued* shall quash or modify the subpoena" if the subpoena is unreasonable, imposes an undue burden, or requires the disclosure of privileged information. *Id.* at 45(c)(3)(A) (emphasis added).

Here, the District of Maryland issued the subpoena, and the deposition and production of documents are to take place in Maryland. Thus, according to the language of Rule 45, the proper forum for deciding controversies regarding the subpoena is the District of Maryland. Accordingly, the Court DENIES WITHOUT PREJUDICE Kennedy-Maryland's request to enforce the subpoena.

**IT IS SO ORDERED.**

Dated: November 15, 2005

SUSAN ILLSTON
United States District Judge