IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERTOUCH, INC., | No. C 04-05203 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| KENNEDY-WESTERN UNIVERSITY, | |
| Defendant. | |

Defendant has filed a motion for attorneys' fees and costs. The Court determines that the matter is appropriate for submission without oral argument pursuant to Civil Local Rule 7-1(b), and accordingly VACATES the April 21, 2006 hearing. For the reasons set forth below, the Court DENIES defendant's motion. (Docket No. 127).

Defendant seeks attorneys' fees and costs pursuant to 15 U.S.C. § 7706(g)(4), which provides that the Court "may, in its discretion, require an undertaking for the payment of the costs of [an action brought by an internet service provider under the CAN-SPAM Act], and assess reasonable costs, including reasonable attorneys' fees, against any party." *See* 15 U.S.C. § 7706(g)(4). Plaintiff opposes defendant's motion on numerous grounds.

The Court in its discretion declines to award fees and costs. As an initial matter, however, the Court rejects plaintiff's contention that defendant is not a prevailing party. By order filed on March 8, 2006, the Court granted summary judgment in favor of defendant and held that plaintiff failed to submit any evidence on an element of plaintiff's CAN-SPAM Act claims. The Court entered judgment in favor of defendant. The fact that the Court dismissed plaintiff's state law claims for lack of jurisdiction does not detract from defendant's status as prevailing party on the CAN-SPAM claims. *Cf.*

*Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340 (8th Cir. 1995) (holding defendant prevailing party for purposes of awarding costs where summary judgment entered in favor of defendant on federal claims and state claim dismissed).

Nevertheless, the Court agrees with plaintiff that fees are not warranted because this case involved the interpretation of a new statute, the CAN-SPAM Act, and presented a number of issues of first impression. Moreover, the Court notes that the question of whether plaintiff is an "internet service provider" under the CAN-SPAM Act was fairly fought by the parties, and the Court found in favor of plaintiff on that issue.

The Court is given pause by defendant's assertion – which plaintiff does not deny – that this action is one of 30 cases brought by plaintiff under the CAN-SPAM Act. However, in light of the fact that this case involved an emerging area of law, the Court does not, at this time and under the circumstances of this case, find that fees and costs are warranted, although such fees and costs might be warranted in a subsequent case.

**IT IS SO ORDERED.**

Dated: April 15, 2006

SUSAN ILLSTON
United States District Judge

2